IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEVDARA, L.L.C., A TEXAS LIMITED LIABILITY COMPANY, | § § § § |
| Plaintiff, | § § |
| v. | §  CASE NO. 4:16-CV-00140 |
| WELLS FARGO BANK, N.A., | § § § |
| Defendant. | § § |

# ORDER

Pending before the Court is Defendant's Motion for Summary Judgment and Brief in Support. **(Instrument No. 32)**.

## I.

### A.

Plaintiff Devdara, L.L.C., a Texas Limited Liability Company, ("Plaintiff") seeks declaratory judgment that the statute of limitations bars Defendant Wells Fargo, N.A. ("Defendant") from foreclosing on property located at 2114 Enchanted Park Lane, Katy, Texas 77450 (the "Property"), because more than four years has passed since the underlying loan was accelerated. Plaintiff also requests that the Court void Defendant's deed of trust and seeks a determination regarding who is entitled to payment if the deed of trust is not void. Defendant asserts that the there is no evidence that the underlying loan was accelerated. In addition, Defendant posits that summary judgment evidence clearly establishes that it unequivocally abandoned any purported acceleration by sending a subsequent notice of default requesting

payment on less than the full amount of the loan and therefore the limitations to foreclose have not expired and Defendant is entitled to summary judgment.

## B.

Plaintiff is a Texas limited liability company. Based on publicly filed records, Nanik Bhagia ("Bhagia") is Plaintiff's sole member. (Instrument No. 1 at 3). Bhagia is a natural person and Texas citizen. *Id.* Defendant is a national banking association organized under federal law. Under its articles of association, Defendant's main office is located in South Dakota. Therefore, Defendant is a citizen of South Dakota for diversity purposes. *Id* at 4.

The Property was originally purchased by husband and wife, Lemorris Grover and Wan Grover (the "Grovers"). On April 27, 2004, in connection with the purchase of the Property, the Grovers executed a promissory note ("Note") in the principal amount of $85,495.00 made payable to World Savings Bank, FSB ("World Savings"). (Instrument No. 32-1). On that same day, the Grovers executed a deed of trust (the "Deed of Trust") that granted a security interest in the Property to secure repayment of the Note (the Note and Deed of Trust, are collectively referred to herein as the "Grover Loan"). (Instrument No. 32-2). The Note is due and payable on May 15, 2034 (the "Maturity Date"). (Instrument No. 32-1 at 2).

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB ('Wachovia"), and on or about November 1, 2009, Wachovia converted to a national bank and subsequently merged into Wells Fargo Bank, N.A. (Instrument No. 32 at 2; Instrument No. 32-1 at 3). Wells Fargo is the successor-by-merger to World Savings and Wachovia. *Id.*

On July 18, 2011, Defendant sent correspondence to the Grovers by certified mail notifying them, among other things, that the Grover Loan was in default for failure to make payments due and that the Maturity Date of the Note would be accelerated if the default was not timely cured (the "July 2011 Notice of Default"). (Instrument No. 32-1 at 29).

On October 4, 2011, via a Deed Under "Fourth" Writ of Execution, Plaintiff acquired the Property at a Constable's Sale conducted by the Harris County Constable.[1] (Instrument No. 22 at 4; Instrument No. 32-2 at 2). However, pursuant to the Deed Under "Fourth" Writ of Execution, Plaintiff only received the right, title, interest, and claim that the Grovers had in the Property. (Instrument No. 32-2 at 3). Therefore, Plaintiff acquired the Property subject to Defendant's lien on the Property. *Id* ; Tex. Civ. Prac. & Rem. Code. § 34.05 (Vernon 1986).

On October 24, 2011, the Grovers received from Defendant a Notice of Substitute Trustee's Sale ("Notice of Sale") informing them that the Property was scheduled for a December 6, 2001 foreclosure sale. (Instrument No. 19-1). However, the December 6, 2011 scheduled foreclosure sale of the Property was never consummated. (Instrument No. 32 at 3; Instrument No 32-1 at 3).

On January 22, 2015, Defendant sent correspondence to the Grovers by certified mail notifying them, among other things, that the Grover Loan was in default for failure to make payments due and that the Maturity Date would be accelerated if the default was not timely cured (the "January 2015 Notice of Default").

In its Amended Complaint, Plaintiff alleges that the loan originally taken out by the Grovers was accelerated as late as November 2011 and possibly earlier. (Instrument No. 19 at 2).

---

[1] The Honorable 61st District Court of Harris County, Texas, in Cause No. 2006-59727 issued a "Fourth" Writ of Execution ("Writ of Execution") in favor of Terence and Carolyn McGuinness to recover judgment against Lemorris Grover and Marcelo Sanchez on a certain judgment entered on January 6, 2011. The Writ of Execution commanded the Constable of Precinct 5 of Harris County, Texas, to seize and sell the Property. Plaintiff purchased the Property for $1,500.

Plaintiff notes that the Notice of Sale scheduled a Substitute Trustee's Sale of the Property under the Deed of Trust to be held on December 6, 2011. (Instrument No. 22 at 4). Plaintiff posits that the Notice of Sale is evidence that the Grover Loan was in default, and that the Grover Loan had been accelerated as of October 24, 2011. Plaintiff notes that under Texas law, a deed of trust must be enforced within four years from the date of maturity of the note or the deed of trust is barred by the statute of limitations and is void. TEX. CIV. PRAC. & REM. CODE § 16.035. Plaintiff reasons that because the Grover Loan was accelerated as of October 24, 2011, pursuant to §16.035 of the Texas Civil Practice and Remedies Code, Defendant had until October 24, 2015 to enforce the Deed of Trust. *Id.* Plaintiff contends that since the Defendant did not enforce the Deed of Trust by that date the Deed of Trust is void under Texas law. *Id.*

In Defendant's Motion for Summary Judgment and Brief in Support, Defendant asserts that the statute of limitations found in §16.035 of the Texas Civil Practice and Remedies Code does not bar Defendant's ability to foreclose on the Property. (Instrument No. 32 at 1 and 8). First, Defendant contends that Plaintiff has no evidence that the Grover Loan was ever accelerated. *Id.* Second, Defendant posits that even if it could be argued that the July 2011 Notice of Default was an acceleration under the Grover Loan, it unequivocally abandoned any purported acceleration by sending the January 2015 Notice of Default (well within the four year statute of limitations period) requesting payment on less than the full amount of the Grover Loan. *Id.* Therefore, the statute of limitations to foreclose has not expired and Defendant is entitled to summary judgment dismissing this lawsuit with prejudice. *Id.*

## C.

On January 4, 2016, Plaintiff filed its Original Petition, and Application for Temporary Restraining Order in the 129th District Court of Harris County, Texas ("Harris County Court"),

styled Devdara, L.L.C. A Texas Limited Liability Company v. Wells Fargo Bank, N.A., Cause No. 2016-00068. (Instrument No. 1-5). On January 4, 2016, Plaintiff's Application for Temporary Restraining Order was granted *ex parte* (the "TRO"). (Instrument No. 1-9). The TRO enjoined Defendant from (i) selling the Property and (ii) disrupting or interfering with Plaintiff's occupation of the property. *Id* at 2 and 3. Defendant was ordered to appear before the Harris County Court on January 25, 2016, to show cause why a temporary injunction should not be granted pending trial on the merits of the case. *Id*. Defendant filed its Answer the Original Petition on January 18, 2016. (Instrument No. 1-9). Defendant removed the case to federal court on January 19, 2016. (Instrument No. 1). On April 4, 2016, Defendant filed its Motion to Dismiss and Brief in Support. (Instrument No. 11). On April 25, 2016, Plaintiff filed its Opposed Response to Motion to Dismiss and Brief in Support. (Instrument No. 12). Defendant filed its Reply in Support of Motion to Dismiss and Brief in Support on May 2, 2016. (Instrument No. 14). On July 11, 2016, the Court granted Defendant's Motion to Dismiss and Brief in Support; however, Plaintiff was granted leave to amend its complaint within 10 days of the Court's Order (Instrument No. 16). On July 21, 2016, Plaintiff filed its Amended Complaint. (Instrument No. 19). On July 26, 2016, Defendant filed its Motion to Dismiss Amended Complaint and Brief in Support. (Instrument No. 20). On August 15, 2016, Plaintiff filed its Response to Motion to Dismiss Amended Complaint and Brief in Support. (Instrument No. 22). On August 25, 2016, the Court denied the Defendant's Motion to Dismiss Amended Complaint and Brief in Support. (Instrument No. 23). On September 16, 2016, Defendant filed its Answer to Amended Complaint. (Instrument No. 24). On February 21, 2017, Defendant filed its Motion for Summary Judgment and Brief in Support. (Instrument No. 32). Plaintiff did not file a response to Defendant's Motion for Summary Judgment and Brief in Support.

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). The "movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25(1986)). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "showing — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

After the moving party has met its burden, in order to "avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992). The party opposing summary judgment cannot merely rely on the contentions contained in the pleadings. *Little*, 37 F.3d at 1075. Rather, the "party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim," *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 457, 458 (5th Cir. 1998); *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). Although the court draws all reasonable inferences in the light most favorable to the nonmoving party, *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008), the nonmovant's "burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux*, 402 F.3d at 540 (*quoting Little*, 37 F.3d at 1075). Similarly, "unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment." *Clark v. Am's Favorite Chicken*, 110 F.3d 295, 297 (5th Cir. 1997).

In deciding a summary judgment motion, the district court does not make credibility determinations or weigh evidence. *Chevron Phillips*, 570 F.3d 606, 612 n.3 (5th Cir. 2009). Nor does the court "sift through the record in search of evidence to support a party's opposition to summary judgment." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379-80 (5th Cir. 2010); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Ragas*, 136 F.3d at 458; *Nissho-Iwai American Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir.1988) (it is not necessary "that the entire record in the case ... be searched and found bereft of a genuine issue of material fact before

summary judgment may be properly entered"). Therefore, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.

### III.

#### A.

"When a mortgage or deed of trust containing a power of sale creates a lien on real property, Texas law requires that the lender foreclose no later than four years after the day the cause of action accrues." *Wheeler v. U.S. Bank Nat'l Ass'n,*, 2016 WL 554846, at *4 (S.D. Tex. Feb. 10, 2016) (citing Tex. Civ. Prac. & Rem. Code § 16.035; *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001)). "Once the four-year limitations period expires, the real-property lien and the power of sale to enforce the lien become void." *Wheeler*, 2016 WL 554846, at *4 (citing *Holy Cross Church of God in Christ*, 44 S.W.3d at 567 (citing Tex. Civ. Prac. & Rem. Code § 16.035(d)).

Here, Plaintiff argues that the October 24, 2011 Notice of Substitute Trustee's Sale ("Notice of Sale") sent to the Grovers informing them that the Property was scheduled for a December 6, 2011 foreclosure sale is evidence that the Grover Loan was accelerated on October 24, 2011. (Instrument No. 19). Plaintiff reasons that if the Grover Loan was accelerated as of October 24, 2011, then under Texas law, Defendant had until October 24, 2015, in order to enforce the Deed of Trust or the Deed of Trust would become void. TEX. CIV. PRAC. & REM. CODE § 16.035(d). However, nowhere in the Notice of Sale does it inform the Grovers that the Grover Loan had been accelerated. (Instrument No.19-1 at 2). Effective acceleration requires (i) clear notice of intent to accelerate and (ii) notice of acceleration and both must be clear and

unequivocal. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d. 562, 566 (Tex. 2001). Here, Plaintiff offers no evidence that Defendant intended to accelerate the Grover Loan by the Notice of Sale. In addition, the scheduled December 6, 2011 foreclosure sale of the Property was never consummated. (Instrument No. 32 at 3).

In its Amended Complaint, Plaintiff further speculates that prior to the Notice of Sale, the Deed of Trust was accelerated in "2011 and possible earlier". (Instrument No. 19 at 2). On July 18, 2011, Defendant sent the July 2011 Notice of Default to the Grovers notifying them, among other things, that the Grover Loan was in default for failure to make payments due and that the Maturity Date of the Note would be accelerated if the default was not timely cured. (Instrument No. 32-1 at 29). Based on the July 2011 Notice of Default, the earliest that the Grover Loan could have been accelerated would have been August 2011 (the "August 2011 Acceleration"). *See id* (stating that the Grovers had until August 17, 2011 to cure the default or else the Grover Loan would be accelerated). Assuming *arguendo* that the Grover Loan was accelerated, Defendant abandoned the August 2011 Acceleration by its subsequent action of sending the Grovers the January 2015 Notice of Default requesting payment on less than the full amount of the Grover Loan and advising them that the Maturity Date of the Note would be accelerated if the default was not cured. (Instrument No. 32-1 at 32).

The Fifth Circuit and district courts with in the Fifth Circuit, including the Southern District of Texas, have held that a lender may abandon acceleration by sending new statements or notices of default seeking less than full payment of the accelerated debt. *See, e.g., Martin v. Fed. Nat. Mortgage Ass'n*, No. 15-41104, 2016 WL 723263, at *2 (5th Cir. Feb. 22, 2016) (holding that "the request for payment of less than the full obligation following an initial acceleration of the entire obligation amounted to waiver or abandonment of the acceleration.");

*Meachum v. Bank of New York Mellon Trust Co. N.A.*, No. 3:13-CV-2322-N, 2015 WL 765982, at *1-2 (N.D. Tex. Feb. 20, 2015) *aff'd*, No. 15-10237, 2016 WL 121384 (5th Cir. Jan. 11, 2016) (lender abandoned acceleration by sending subsequent notice of default and intent to accelerate requesting an amount less than the full amount of note as due); *Leonard*, 616 F. App'x at 680 (lender waives or abandons an earlier acceleration "by requesting payment on less than the full amount of the loan."); *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (second notice of default "unequivocally manifested an intent to abandon the previous acceleration...."). Once acceleration is abandoned, the noteholder no longer must foreclose within four years from the date of acceleration, the statute of limitations to foreclose resets, and the loan is restored to its original maturity date. *Wheeler v. U.S. Bank Nat'l Ass'n,*, 2016 WL 554846, at *5.

As a matter of law, Defendant's subsequent action of sending the January 2015 Notice of Default requesting payment on less than the full amount of the Grover Loan establishes that the purported August 2011 Acceleration was abandoned well within the four year statute of limitations. Because the purported August 2011 Acceleration was unequivocally abandoned, the statute of limitations to foreclose did not lapse, and Defendant is entitled to summary judgment dismiss Plaintiff's declaratory judgment claim.

Since Plaintiff can offer no evidence that the Grover Loan was accelerated in 2011 or earlier, Defendant still holds a valid lien on the Property and therefore is entitled to summary judgment.

Accordingly, Defendant's Motion for Summary Judgment and Brief in Support is **GRANTED**.

### IV.

Based on the foregoing analysis, Defendant's Motion for Summary Judgment and Brief in Support is **GRANTED (Instrument No. 32).**

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 9th day of June, 2017.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**